**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Lozano,<br><br>    Plaintiff,<br><br>v.<br><br>Renov8envy, LLC, et al.,<br><br>    Defendants. | No. CV-24-03442-PHX-ROS<br><br>**ORDER** |

    Plaintiff Martin Lozano ("Plaintiff") filed a Motion for Default Judgment against Defendants Renov8envy LLC and Casey Hagon ("Defendants"). (Doc. 9, "Mot."). Defendants did not file a response. For what follows, the Court will grant the Motion and direct entry of default judgement against all Defendants, jointly and severally, in the amount of $5,510.40 and individually against Defendant Renov8envy LLC in the amount of $8,889.60.

## BACKGROUND

    Plaintiff filed this action for recovery of unpaid wages under the Fair Labor Standards Act ("FLSA"), unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), and failure to pay timely wages due under the Arizona Wage Act ("AWA") on December 6, 2024. (*See* Doc. 1, "Compl"). Defendant Renov8envy LLC is a renovation company doing business in Arizona. (Compl. at ¶ 13, 15). Defendant Casey Hagon is alleged to be the owner and manager of Renov8envy LLC. (*Id.* at ¶¶ 19-20). Plaintiff asserts Defendants failed to compensate him for 16 days of work at his daily wage of $300 in

November 2024. (*Id.* at ¶¶ 47-51).

Plaintiff executed service of the complaint and summons on Renov8envy LLC and Casey Hagon on December 21, 2024. (Docs 3; 4). Defendants have failed to answer or otherwise participate in this action. The Clerk of Court entered default against Defendants pursuant to Fed. R. Civ. P. 55(a) on January 6, 2025. (Doc. 10). On January 16, 2025, Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Mot.)

**DEFAULT JUDGMENT**

Once default is entered, judgment may be entered under Rule 55(b). Whether to grant default judgment is discretionary and courts routinely consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the amount in controversy; (5) the possibility of factual dispute; (6) whether the default was due to excusable neglect; and (7) the strong preference to decide cases on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In *Eitel*, the defendant appeared to defend against the claims. Thus, many applicable factors do not provide meaningful guidance in this case. *See Ausseresses v. Pride Security LLC*, No. 23-cv-02662, Doc. 14 at 2 (D. Ariz. May 15, 2024). The relevant *Eitel* factors are: 2) the merits of plaintiff's substantive claim, 3) the sufficiency of the complaint, and 4) the amount in controversy, each of which will be discussed in turn.

### I. Factors (2) Merits of the Claim and (3) Sufficiency of the Complaint

The second and third *Eitel* factors, together, require consideration whether a plaintiff has stated a claim. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002); *Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). Here, the complaint's factual allegations are taken as true, but the plaintiff must establish all damages sought. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

To bring a minimum wage claim under the FLSA, a plaintiff must allege they were not paid applicable minimum wages. *Landers v. Quality Commc'ns, Inc*., 771 F.3d 638, 646 (9th Cir. 2014); *see also* 29 U.S.C. § 206. An employee can be covered under the FLSA through (i) enterprise coverage if the employer has annual gross sales or business

done greater than $500,000; or (ii) individual coverage if the employee is "engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 203(s)(1)(A), 206(b); *see also Zorich v. Long Beach Fire Dep't & Ambulance Serv., Inc.*, 118 F.3d 682, 686 (9th Cir. 1997). A defendant is liable under the FLSA when a defendant "exercises control over the nature and structure of the employment relationship, or economic control over the relationship." *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009). In a claim under the AMWA, a plaintiff must allege they were not paid the applicable minimum wage for hours worked. A.R.S. § 23-363(A).

To state a claim under the AWA, a plaintiff must allege defendants did not pay timely wages as required "two or more days in each month, not more than sixteen days apart." A.R.S. § 23-351(A), (C). The AWA does not authorize individual liability against the owners, officers, and directors of a corporate employer. *See Loserth v. Accelerated Retention Inst.*, 2020 WL 13268122, *9 (D. Ariz. 2020) ("[AWA's] definition of employer—unlike that of the FLSA or AMWA—includes a corporation, but not officers or agents of the corporation") (cleaned up).

Plaintiff alleges he remains unpaid for 16 days of work at his daily wage of $300 despite notifying Defendants he did not receive payment. (Compl. at ¶¶ 49-62). Plaintiff alleges his work for Defendants was "at all relevant times … engaged in interstate commerce" and alleges on "good faith reasonable belief that in his work for Defendants he was employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2024." (*Id.* at ¶¶ 37-40). Plaintiff alleges he was an employee of Defendants and Defendants were his employers as defined by A.R.S. § 23-362. (*Id.* at ¶¶ 11, 15-16). And Plaintiff's AWA claim is only brought against Defendant Renov8envy LLC. (*Id.* at ¶¶ 79-85).

Because Plaintiff's well-pled factual allegations are taken as true, Plaintiff stated a plausible claim for relief against both Defendants under the FLSA and AMWA, and against Defendant Renov8envy LLC under the AWA. These factors support entering default judgement.

**II. Factor (4) Amount in Controversy**

This factor requires the Court to consider alleged damages in relation to the seriousness of Defendants' conduct. *PepsiCo*, 238 F. Supp. 2d at 1176. Plaintiff seeks $5,510.40 against both Defendants and $8,889.60 against Defendant Renov8envy LLC. Mot. at 3. This requested amount is reasonable and proportional to Defendants' failure to pay applicable wages under federal and state law. This factor supports granting default judgment.

**III.    Conclusion**

All the relevant *Eitel* factors support entering default judgment. The Court will grant the Motion and enter default judgment accordingly.

**DAMAGES**

Under the FLSA, an employer is liable for the employee's "unpaid minimum wages" and "in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Under the AMWA, an employee may recover "an amount that is equal to twice the underpaid damages." A.R.S. § 23-364(G). Under the AWA, if an employer fails to pay wages due any employee, the employee may recover in any action an amount that is treble the amount of the unpaid wages. A.R.S. § 23-355.

During Plaintiff's employment with Defendants from September 2024 to November 2024, the applicable federal minimum wage was $7.25 per hour, 29 U.S.C. § 206(a)(1)(C), and the applicable state minimum wage was $14.35 per hour, A.R.S. § 23-363(B); Arizona Industrial Commission: Minimum Wage.[1]

Under Arizona law, Plaintiff may not "stack" damages to recover federal and state minimum wage damages and unpaid wage damages for the same hours. *See Gen. Tel. Co. of the Nw. v. Equal Emp. Opportunity Comm'n*, 446 U.S. 318, 333 (1980) ("[C]ourts can and should preclude double recovery by an individual.").

**1.    Unpaid Minimum Wages**

Plaintiff submitted an affidavit stating he worked "around 8 hours per day" for "16

---

[1] https://www.azica.gov/labor-minimum-wage-main-page (last accessed February 18, 2025).

days of work." (Doc. 11-1 at ¶¶ 7-8). Plaintiff alleges unpaid Arizona minimum wage damages of $1,836.8$^2$ and unpaid federal minimum wage damages of $928.00.[3] (Mot. at 6). Unpaid Arizona minimum wages are trebled to $5,510.40 under A.R.S. § 23-364(G) and federal minimum wages are doubled to $1,836.00 under 29 U.S.C. §216(b). (*Id.*).

### 2. Unpaid Wages

Plaintiff also alleges he was not paid for 16 days of his $300 per day salary leading to $4,800.00[4] in unpaid wage damages. (*Id.* at 7). Unpaid wage damages are trebled under A.R.S. § 23-355 to $14,400.00. (*Id.*).

### 3. Coordination of Awards

Plaintiff seeks a total of $14,400.00 in damages and has not sought to "stack" his minimum wage claims and his unpaid wage claims. Plaintiff asks for AMWA damages of $5,510.40 jointly and severally against all Defendants, rather than FLSA damages of $1,836.00. And Plaintiff asks for $8,889.60[5], the difference between the AWA and AMWA damages, solely against Defendant Renov8envy LLC.

Since the damages sought by Plaintiff are provided for by statute and Plaintiff's affidavit is sufficiently detailed to permit the requisite statutory calculations, the Court will grant Plaintiff **$14,400.00** in damages. The Court will also award post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a). The Court defers an award of attorneys' fees pending the filing of a motion in accordance with Local Rule of Civil Procedure 54.2.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Default Judgment (Doc. 11) is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants Renov8envy LLC and Casey Hagon in the amount of $5,510.40. jointly and severally, under the FLSA and AMWA. The Clerk of Court is directed to enter judgment in favor of Plaintiff against Defendant Renov8envy LLC in the amount of

---

[2] $8 * 16 * \$14.35 = \$1836.80$
[3] $8 * 16 * \$7.25 = \$928.00$
[4] $16 * \$300.00 = \$4,800.00$
[5] $\$14,400.00 - \$5510.40 = \$8889.60$

$8,889.60 under the AWA. This amount shall be subject to post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED** Plaintiff may file a motion for reasonable attorneys' fees and costs in accordance with Local Rule of Civil Procedure 54.2.

**IT IS FURTHER ORDERED** the Clerk of Court shall close this case.

Dated this 21st day of February, 2025.

Honorable Roslyn O. Silver
Senior United States District Judge